**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| BRIAN KERRY O'KEEFE, | 3:18-cv-00071-RCJ-CBC |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |
| EIGHTH JUDICIAL DIST. COURT, *et al.*, | |
| Defendants. | |

This Report and Recommendation is made to the Honorable Robert C. Jones, United States District Judge. This action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is Plaintiff Brian Kerry O'Keefe's application to proceed *in forma pauperis* (ECF No. 2) and his *pro se* first amended complaint (ECF No. 3). Having thoroughly reviewed the record, the Court recommends that the application to proceed *in forma pauperis* be granted. Furthermore, the Court recommends that the Amended Complaint be dismissed without prejudice and without leave to amend for the reasons stated below.

**I.    *IN FORMA PAUPERIS* APPLICATION**

Based on the financial information provided with Plaintiff's application to proceed *in forma pauperis*, the Court finds that plaintiff is unable to pay the filing fee in this matter. (ECF No. 2). Accordingly, the court grants Plaintiff's application to proceed *in forma pauperis*.

**II.    LEGAL STANDARD**

Applications to proceed *in forma pauperis* by *pro se* plaintiffs are governed by 28 U.S.C. §1915. This statute requires the Court to "dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant

who is immune from such relief."    28 U.S.C. § 1915(e)(2)(B)(i)-(iii).    Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and this Court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint.    *See Hamilton v. Brown*, 630 F.3d 889, 892-93 (9th Cir. 2011).    When the Court reviews a complaint under this standard, it accepts as true all the plaintiff's allegations and construes the complaint in the light most favorable to the plaintiff.    *Chubb Custom Ins. Co. v. Space Systems/Loral Inc.*, 710 F.3d 946, 956 (9th Cir. 2013).    The Court takes particular care when reviewing the pleadings of a *pro se* party, for a more forgiving standard applies to litigants not represented by counsel.    *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010).    This Court is to "construe *pro se* filings liberally . . . and to 'afford the petitioner the benefit of any doubt.'"    *Id.*

Although the standard is broad, it is not limitless.    Despite the leniency afforded to *pro se* plaintiffs, the Court need not accept as true conclusory allegations, unwarranted deductions, or unreasonable inferences.    *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004).    Further, the complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level."    *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).    Stated differently, the complaint must allege sufficient facts to state a claim "that is plausible on its face."    *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Twombly*, 550 U.S. at 555).

**III.    DISCUSSION**

**A.    Plaintiff's First Amended Complaint**

Plaintiff is an inmate in the custody of the Nevada Department of Corrections ("NDOC"), and currently housed at Lovelock Correctional Center ("LCC") in Lovelock, Nevada. (ECF No. 3 at 1). In his First Amended Complaint, Plaintiff has named as Defendants the Eighth Judicial District Court *ex rel* Clark County ("Eighth Judicial

District"); Clark County District Attorney *ex rel* Clark County ("CCDA"); Senior District Judge Sally Loehrer ("Loehrer"); Deupty District Attorney Stephanie Graham ("Graham"); and Deputy Attorney General Matthew Johnson ("Johnson").  (ECF No. 3 at 2-3.) He alleges three claims for relief, pursuant to 42 U.S.C. §1983, for alleged violations of his Fourteenth Amendment rights to procedural due process, equal protection, and privileges and immunities (*Id.* at 4); and his Eighth Amendment rights to be free of cruel and unusual punishment.  (*Id.*)

Plaintiff's claims all arise from the underlying prosecution and conviction and of Plaintiff in Nevada State Court for burglary and the sentencing in that case. (See ECF No. 3 at p. 3). Specifically, these causes of action arise from what Plaintiff describes as the "repugnant verdict [which] was the result of an extortionate perversion of lawfully initiated criminal process to illegitimate ends," and the "[slanderous] and [libelous] information filed [in his] PSI."  (*Id.* at 3.) He contends that the use of his criminal record for impeachment purposes during the underlying prosecution was defamatory and libelous, resulting in him being "deprived of [his] actual innocence," and the imposition of an excessive sentence.  (*Id.* at 3 and 9.) Plaintiff further contends that the Presentencing Investigation report, or "PSI", specifically mentions a prior burglary conviction that was later reversed and remanded on procedural grounds; therefore, he has been placed at a higher recidivism rate and it will have an impact on his parole board hearing.  (*Id.* at 3-8.)

For these alleged violations, Plaintiff seeks damages in excess of $150,000 for slander *per se*, libel *per se*, and actual damages.  (*Id.* at 9.)

## B.    Analysis

42 U.S.C. §1983 aims "to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights."  *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006) (quoting *McDade v. West*, 223 F.3d 1135, 1139 (9th Cir. 2000)).  The statute "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights[,]" *Conn v. Gabbert*, 526 U.S. 286, 290, 119 S.Ct. 1292, 143 L.Ed.2d 399 (1999), and is "merely . . . the

procedural device for enforcing substantive provisions of the Constitution and federal statutes." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Claims under §1983 require the Plaintiff to allege (1) the violation of a federally protected right by (2) a person or official who acts under the color of state law. *Anderson*, 451 F.3d at 1067. Further, to prove a §1983 claim, the Plaintiff must necessarily establish each of the elements required to prove the Defendant's infringement of the underlying substantive right.

However, a § 1983 lawsuit is not a backdoor through which a federal court may overturn a state court conviction or award relief related to the duration of a sentence. Section 1983 and "the federal habeas corpus statute . . . both provide access to the federal courts 'for claims of unconstitutional treatment at the hands of state officials . . .[but] they differ[sic] in their scope and operation.'" *Ramirez v. Galaza,* 334 F.3d 850, 854 (9th Cir. 2003) (quoting *Heck v. Humphrey*, 512 U.S. 477, 480, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994)). Thus, federal courts must take care to prevent prisoners from relying on § 1983 to subvert the differing procedural requirements of *habeas corpus* proceedings under 28 U.S.C. §2254. *Heck*, 512 U.S. at 486-87; *Simpson v. Thomas*, 528 F.3d 685, 695 (9th Cir. 2008). When a prisoner challenges the legality or duration of his custody; raises a constitutional challenge which could entitle him to an earlier release; or seeks damages for purported deficiencies in his state court criminal case, which effected a conviction of a lengthier sentence; his sole federal remedy is a writ of *habeas corpus*. *Edwards v. Balisok*, 520 U.S. 641, 648, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997); *Heck*, 512 U.S. at 481; *Wolff v. McDonnell*, 418 U.S. 539, 554, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974); *Presider v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); *Simpson*, 528 F.3d at 692-93.

Under these principles, and for the following reasons, the Court recommends that the First Amended Complaint be dismissed without prejudice and without leave to amend. First, Plaintiff's complaint plainly seeks money damages related to the duration and imposition of his state sentence. This necessarily implies a request for vacating state court judgment. A claim pursuant to § 1983 is not an appropriate vehicle for this

relief.  *Heck*, 512 U.S. at 486-88.  If Plaintiff wishes to recover under § 1983, he must first establish that the underlying conviction is invalid through a *habeas corpus* action. Second, Plaintiff's factual allegations are vague and conclusory.  He contends the PSI used during the sentencing in his underlying state court proceedings contains inaccurate information. However, the First Amended Complaint offers little factual basis in support of these contentions.  Even if the prospective damages were within the power of the District Court to grant, dismissal is nevertheless proper because Plaintiff does not state facially plausible claims.  *Iqbal*, 556 U.S. at 678.

Finally, regarding the Eighth Amendment claim, Plaintiff has not stated a viable claim, even accepting as true his conclusory allegations.  The canon of Eighth Amendment authority confirms that the aim of that provision is not to protect against punishment itself or the imposition of a sentence, when due to some error, a lesser sentence is merited.  Instead, the Eighth Amendment proscribes types and manners of punishment so severe and brutal that they serve no legitimate penological purpose and offend "any standard of human dignity." *United States v. Bailey*, 444 U.S. 394, 423, 100 S.Ct. 624, 62 L.Ed.2d 575 (1980).  In other words, contentions that punishment is excessive because of an underlying procedural error speak not to the Eighth Amendment, but to the due process guarantees of the Fourteenth Amendment. Therefore, Plaintiff's Eighth Amendment claims fail on this additional basis.

IV.    **CONCLUSION**

The Amended Complaint improperly seeks remedy for allegedly unconstitutional conduct related to the duration of his state court conviction.  The Court, therefore, concludes that dismissal without prejudice and without leave to amend is warranted.

The parties are advised:

1.    Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt.  These objections should be entitled

"Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.    This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of judgment.

## V.    RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 2) be **GRANTED**.  Plaintiff shall not be required to pay an initial installment fee.  The full filing fee shall still be due, pursuant to 28 U.S.C. §1915(b), as amended by the Prisoner Litigation Reform Act of 1996 ("PLRA").  Plaintiff shall be permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security therefor.  This order granting *in forma pauperis* status shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER RECOMMENDED** that, even if this action is dismissed, or is otherwise unsuccessful, the full filing fee shall remain due, pursuant to 28 U.S.C. §1915.

**IT IS FURTHER RECOMMENDED** that, pursuant to 28 U.S.C. §1915(b), the Nevada Department of Corrections shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the account of Brian Kerry O'Keefe, **Inmate No. 90244** (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action.  The Clerk shall send a copy of this order to the attention of the Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702.

**IT IS FURTHER RECOMMENDED** that Plaintiff's Amended Complaint (ECF No. 3) be **DISMISSED WITHOUT PREJUDICE, WITHOUT LEAVE TO AMEND**;

**IT IS FURTHER RECOMMENDED** that Plaintiff's Motion for leave to file a Second Amended Complaint (ECF No. 6) be **DENIED** as futile; and

1       **IT IS FURTHER RECOMMENDED** that the Clerk ENTER JUDGMENT and close

2  this case.

3  **DATED**: September 25, 2018.

4

5                                  **UNITED STATES MAGISTRATE JUDGE**